UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANTHONY R. NORMAN,

      Plaintiff,

v.                                                          CASE NO. 8:24-cv-0079-TPB-SPF

AMAZON PAYMENTS INC., and
AMAZON.COM INC.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2).  Upon review of Plaintiff's Complaint (Doc. 1) and request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied and the Complaint dismissed.

## I.    BACKGROUND

On a Pro Se 5 Form (Complaint for a Civil Case Alleging Negligence), Plaintiff purports to assert a class action complaint against Defendants Amazon Payments Inc. and Amazon.com Inc. for unethical business practices (Doc. 1).  Attached to the form is a typewritten document titled "Middle District Courts; Statement – Compliant [sic] for Civil Case" (*Id.* at 6-17).  Although the Complaint quotes federal and state statutes, Plaintiff's factual allegations are disjointed and difficult to wrangle.  Reading between the lines, it appears these facts form the basis of Plaintiff's Complaint:  Plaintiff had an Amazon Prime membership; he canceled the membership; after he cancelled the membership, Amazon

withdrew membership fees out of his bank account without Plaintiff's authorization.  Plaintiff lists PayPal and South State Bank as potential class members and characterizes his cause of action as "Negligence 'Exceeding authorized access' and 'Unauthorized Arrangements'" and attaches a Congressional Research Service report on the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 (Doc. 1 at 6, 19-22).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor.  28 U.S.C. § 1915(a)(1).  When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A suit is frivolous when it is "without any merit in fact or law."  *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015).[1]  Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

## III.   ANALYSIS

Plaintiff's Complaint is a confusing mash-up of incomplete sentences and statute excerpts. Even so, the Court construes Plaintiff's allegations liberally to allege subject matter jurisdiction based on a federal question (*i.e.*, claims arising from actions violating any provision of the Constitution, laws, or treaties of the United States). Plaintiff purports to sue under the CFAA, which "prohibits accessing a computer and obtaining information without authorization or by exceeding authorized access." *Diamond Power Int'l, Inc. v. Davidson*, 540 F.Supp.2d 1322, 1341 (N.D. Ga. 2007). The CFAA is primarily a criminal statute that

provides victimized parties with a civil remedy: "Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g). A civil action for violation of the CFAA "may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." *Id.* These factors are: "loss to 1 or more persons during any 1-year period" that exceeds $5,000; "the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals[;]" physical injury; a threat to public health or safety; or "damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security[.]" 18 U.S.C. § 1030(c)(4)(A)(i)(I)-(V). Plaintiff's Complaint does not specify which prong of the statute Defendants violated or even what Defendants did to violate the statute – it is devoid of facts to support a cause of action under the CFAA.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10(b) of the Federal Rules of Civil Procedure requires a party to state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances, and "each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense" when doing so promotes clarity. Fed. R. Civ. P. 10(b). Complaints that violate either of these rules "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all

preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a compliant that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id*. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

Here, Plaintiff's Complaint is a shotgun pleading. Plaintiff uses the standard form for a civil case alleging negligence and attaches a 12-page statement (*see* Doc. 1). Plaintiff's form Complaint appears to allege several separate violations of the CFAA and Florida statutes, but it fails to explain which of Plaintiff's allegations go with which claims. Plaintiff does not break each cause of action into a separate count, identify which facts support which counts, or set forth any of the elements of a cause of action. *See Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) (noting a complaint that fails to set forth elements or facts supporting each claim "was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts"); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (finding that the failure to "present each claim for relief in a separate count, as required by Rule 10(b)," constitutes shotgun pleading).

The statement attached to Plaintiff's form Complaint fares no better. It recites various federal and state statutes, but Plaintiff fails to number any of his paragraphs, to limit those paragraphs to single allegations, or to separate into different counts each cause of action or

claim for relief.  Fed. R. Civ. P. 10(b); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").  This leaves the reader to guess as to which factual allegations attach to which "issue."  And finally, Plaintiff's Complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323.  In the end, a defendant cannot answer unnumbered, vague allegations that are not directed at a particular claim.  *See Anderson*, 77 F.3d at 366.

## IV.  CONCLUSION

For these reasons, the undersigned recommends that Plaintiff's Complaint (Doc. 1) be dismissed without prejudice.  It is further recommended that Plaintiff be afforded the opportunity to file an amended complaint, which should set forth the basis for the Court's jurisdiction and the factual allegations establishing a claim for relief in this forum, and to renew his request to proceed *in forma pauperis*.  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.").

Accordingly, it is hereby

**RECOMMENDED**:

1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

2.  Plaintiff's Complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

3.      Plaintiff be allowed to file an amended complaint that sets forth the basis for the Court's jurisdiction and the factual allegations establishing a claim for relief in this forum and to file a renewed request to proceed *in forma pauperis*.

4.      Plaintiff be advised that failure to file an amended complaint may result in dismissal of this case without prejudice and without further notice.

**IT IS SO REPORTED** in Tampa, Florida, on March 18, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

<u>**NOTICE TO PARTIES**</u>

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.